MEMORANDUM **
Glen Sassoon appeals from the district court’s summary judgment in favor of Lowe’s Home Centers, LLC. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts of this case, we do not repeat them here.
*626 1. “It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe.” Ortega v. Kmart Corp., 26 Cal.4th 1200, 114 Cal.Rptr.2d 470, 36 P.3d 11, 14 (2001); see also Cal. Civ.Code § 1714(a). While a property owner must give warning of a “latent or concealed” danger, an owner “is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.” Beauchamp v. Los Gatos Golf Course, 273 Cal.App.2d 20, 77 Cal.Rptr. 914, 919-20 (1969) (quoting Florez v. Groom Dev. Co., 63 Cal.2d 347, 1 Cal.Rptr. 840, 348 P.2d 200, 204 (1969)). In such situations, the obvious condition is itself the warning. See Christoff v. Union Pac. R.R. Co., 134 Cal.App.4th 118, 36 Cal.Rptr.3d 6, 13 (2005) (finding that “the presence of railroad tracks is a warning of an open and obvious danger”).[1]
Construing the facts in the light most favorable to Sassoon, no reasonable jury could find that the danger was not obvious. See, e.g., id. at 13-14 (affirming grant of summary judgment where the danger of walking next to train tracks was obvious, and as such did not present a question of fact for a jury regarding defendant’s duty to warn); Danieley v. Goldmine Ski Assocs., Inc., 218 Cal.App.3d 111, 266 Cal.Rptr. 749, 765-68 (1990) (granting summary judgment and finding there was no duty to warn a skier that a tree at the edge of a ski run presented the danger of collision). Here, due to the considerable size of the ladder and its position in the middle of the aisle, no reasonable jury could find that it was not obvious. As such, Lowe’s was under no duty to warn Sassoon about the placement of or the danger from the ladder.
2. Though a landowner may not have a duty to warn of an obvious danger, a landowner may still have a duty to remedy the danger if it was foreseeable that the danger may cause injury. See Krongos v. Pac. Gas & Elec. Co., 7 Cal.App.4th 387, 9 Cal.Rptr .2d 124, 127-28 (1992). “[I]t is foreseeable that even an obvious danger may cause injury, if the practical necessity of encountering the danger, when weighed against the apparent risk involved, is such that under the circumstances, a person might choose to encounter the danger.” Lopez v. Superior Court, 45 Cal.App.4th 705, 52 Cal.Rptr.2d 821, 828 (1996) (quoting Krongos, 9 Cal.Rptr.2d at 127). Under California law, “the question of ‘duty’ is decided by the court.” Ballard v. Uribe, 41 Cal.3d 564, 224 Cal.Rptr. 664, 715 P.2d 624, 628 n. 6 (1986); see also Ellison v. Shell Oil Co., 882 F.2d 349, 352-53 (9th Cir.1989).
Here, Lowe’s had no duty to remedy the obvious danger of the placement of the ladder. Though the ladder was placed in the middle of the aisle, the facts taken in the light most favorable to Sassoon indicate that there were nineteen inches of clearance on either side of the ladder. As there was unobstructed space around the ladder, it was not foreseeable that the ladder would cause injury to a person walking through the aisle; Further, a Lowe’s customer would not be forced to encounter the ladder; in addition to walking within the clearance, a customer could walk through a different aisle. Cf. Martinez v. Chippewa Enters., Inc., 121 Cal.App.4th 1179, 18 Cal.Rptr.3d 152, 155-56 (2004) (holding that there may have been a *627 duty to remedy a wet sidewalk that was the “principal” access to a public building, thus predictably attracting pedestrian use, where the alternative would likely be to walk in the gutter).
3. We deny Lowe’s request for dismissal of this appeal or other sanctions. While Sassoon did not fully comply with Federal Rules of Appellate Procedure 28 and 30, his violations were not so numerous and egregious as to prevent this court from learning the relevant facts and law or to substantially waste the court’s time. See Dela Rosa v. Scottsdale Mem’l Health Sys., Inc., 136 F.3d 1241, 1242-44 (9th Cir.1998) (order) (declining to impose sanctions even where the excerpts of record were “utterly useless”); cf. Cmty. Commerce Bank v. O’Brien (In re O’Brien), 312 F.3d 1135, 1136-37 (9th Cir.2002) (order). However, we reiterate that “attorneys should accept the responsibility of presenting an appeal of professional quality, which necessarily includes full compliance with the rules of court for the Ninth Circuit. We expect and will accept no less.” Dela Rosa, 136 F.3d at 1244.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. As Sassoon failed to raise the issue of whether the district court abused its discretion by excluding certain expert testimony, he has now waived it. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929-30 (9th Cir.2003).