REARDON, J.
*156 Plaintiff Claudia Johnson appeals the trial court's entry of summary judgment for defendant Open Door Community Health Centers ("Open Door"), contending the trial court's application of the Medical Injury Compensation Reform Act's (MICRA) ( Code Civ. Proc., § 340.5 ) one-year statute of limitations for professional negligence was error. Guided by *841 Flores v. Presbyterian Intercommunity Hosp. (2016) 63 Cal.4th 75, 201 Cal.Rptr.3d 449, 369 P.3d 229 ( Flores ), we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
Johnson was at one of Open Door's clinics on November 3, 2011 to review test results with a nurse-practitioner. Prior to her consult, and before she entered the treatment room, her vital signs were taken and she was weighed on a scale located against the wall in the hallway outside of the treatment room. After the consult, Johnson left the treatment room and headed towards the building exit, as her results were satisfactory and no further treatment was needed. On her way out of the treatment room, she tripped on the scale, which she alleges was moved during the consult and was partially obstructing the path from the room to the hall. As a result, Johnson fell and suffered serious injuries.
Almost two years later, Johnson filed a complaint for personal injury against Open Door. Open Door sought summary judgment on the grounds that Johnson's injuries were proximately caused by a "negligent act or omission to act by a health care provider in the rendering of professional services" for which Open Door was licensed, and thus subject to the one-year statute of limitations for professional negligence under MICRA; Johnson's complaint, filed more than one year after the incident, should therefore be dismissed as time-barred.
The facts surrounding Johnson's fall, recited above, were undisputed, leaving only the legal question of which statute of limitations to apply: the one-year limitation for injuries caused by medical professional negligence, under MICRA, or the general, two-year statute of limitations for personal injury.
*157 At the time of the hearing, the trial court acknowledged that the "precise boundary between professional negligence and premises liability [was] currently unsettled." The court concluded Open Door's alleged negligence occurred in the rendering of professional services because Johnson was injured in the course of obtaining medical treatment, by equipment used to diagnose and treat medical conditions; therefore, the one-year statute of limitations for professional negligence applied.
Judgment for Open Door was entered and this appeal followed.
DISCUSSION
A. Standard of Review
The standards for granting summary judgment are well-settled. A trial court must grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ( Code Civ. Proc., § 437c, subd. (c).)
Our review of an order granting summary judgment is de novo. Under such circumstances, the trial court's stated reasons for granting summary judgment "are not binding on us because we review its ruling, not its rationale." ( Ram's Gate Winery, LLC v. Roche (2015) 235 Cal.App.4th 1071, 1079, 185 Cal.Rptr.3d 935.) "Moreover, 'we apply the same three-step analysis as the trial court. First, we identify the issues framed by the pleadings. Next, we determine whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' " ( McNair v. City and County of San Francisco (2016) 5 Cal.App.5th 1154, 1162, 210 Cal.Rptr.3d 267.)
*842 B. The Statutes of Limitations at Issue
We are presented with a pure question of law regarding the applicable statute of limitations where a patient, who has concluded her medical treatment and is preparing to leave the facility, is injured in tripping over a piece of medical equipment which she contends was negligently placed in her path. Johnson asserts the trial court erred in finding her injury was proximately caused by the "rendering of professional [medical] services" and should have applied the two-year statute of limitations for ordinary negligence. ( Code Civ. Proc., § 335.1.) Open Door asserts the trial court correctly applied the one-year statute for professional negligence. ( Code Civ. Proc., § 340.5.)
*158 Code of Civil Procedure section 340.5 governs actions against health care providers for professional negligence, allowing only one year from the earlier of the date a plaintiff discovered or reasonably should have discovered his injury, or three years from the injury, to file suit.[1] It defines " '[p]rofessional negligence' " as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." ( Code Civ. Proc., § 340.5 subd. (2).)
C. The Supreme Court's Interpretation of Section 340.5, subdivision (2) in Flores
The precise boundary between the duties owed by a healthcare provider to the general public and those it owes to its patients, i.e., whether negligence occurs in the course of " 'rendering ... professional services,' " can be difficult to ascertain. (See Flores, supra, 63 Cal.4th 75, 84, 201 Cal.Rptr.3d 449, 369 P.3d 229.) In Flores, while this appeal was pending, our high court provided greater clarity. There, after assessing her condition, plaintiff's doctor ordered the rails on her hospital bed raised. ( Id . at p. 79, 201 Cal.Rptr.3d 449, 369 P.3d 229.) When plaintiff attempted to exit her bed, one of the rails collapsed, causing her to fall and be injured. ( Ibid . ) The Supreme Court considered whether alleged negligence "in the use or maintenance of hospital equipment or premises qualifies as professional negligence" subject to section 340.5. ( Id. at p. 84, 201 Cal.Rptr.3d 449, 369 P.3d 229.)
After recounting the history of both potentially applicable statutes of limitations and surveying existing authority, the Supreme Court examined the text of section 340.5 and set forth guiding principles for ascertaining whether an injury's legal cause is "the rendering of professional services" or ordinary negligence. ( Flores, supra, 63 Cal.4th at pp. 82-88, 201 Cal.Rptr.3d 449, 369 P.3d 229.) First, the court concluded that, for the purposes of MICRA, "professional services" are not limited to those activities requiring the application of medical skill and training. ( Id. at p. 84, 201 Cal.Rptr.3d 449, 369 P.3d 229.) Injury-causing conduct that requires no special skill may nonetheless occur in the rendering of professional services, for example, when a janitor accidentally bumps a patient's ventilator; a hospital employee accidentally serves a patient food that is not part of the patient's medically-prescribed diet; or hospital staff fails to adequately secure a violently coughing patient awaiting a diagnosis. ( Id . at pp. 85-86, 201 Cal.Rptr.3d 449, 369 P.3d 229.) Though *843 sweeping the floor, serving food, or strapping a gurney do not require medical training, they may nonetheless affect the quality of a *159 patient's medical care. Thus, the court declined to adopt a narrow rule limiting "professional services" to only those tasks requiring medical skill and training. ( Id. at p. 85, 201 Cal.Rptr.3d 449, 369 P.3d 229.)
The Supreme Court also rejected, as too broad, a proposed rule that "professional services" include all acts associated with the provision of medical care, including, e.g., because an act merely violates a licensing requirement: "Such a rule would collapse the first ('a negligent act or omission ... in the rendering of professional services') and third ('within the scope of services for which the [health care] provider is licensed') parts of the statutory definition, thereby essentially reading out of the statute the independent requirement that the negligent act or omission must occur 'in the rendering of professional services.' [Citation.] It would thus sweep in not only negligence in performing the duties that hospitals owe to their patients in the rendering of medical diagnosis and treatment, but negligence in performing the duties that hospitals owe to all users-including personnel and visitors-simply by virtue of operating a facility that is open to the public ." ( Flores, supra, 63 Cal.4th at p. 86, 201 Cal.Rptr.3d 449, 369 P.3d 229, italics added.) The Supreme Court rejected the notion that MICRA's one-year statute of limitations should "apply to a visitor's action for injuries resulting from a custodian's negligence in leaving a broom on a hallway floor, or a doctor's action against the hospital for failure to place a warning sign on a wet, recently mopped floor." ( Ibid . ) Otherwise, contrary to the intent of the Legislature, section 340.5 would become "an all-purpose rule covering essentially every form of ordinary negligence that happens to occur on hospital property." ( Ibid . )
Instead, the Supreme Court counsels us to "draw a distinction between the professional obligations of hospitals in the rendering of medical care to their patients and the obligations hospitals have, simply by virtue of operating facilities open to the public, to maintain their premises in a manner that preserves the well-being and safety of all users." ( Flores, supra, 63 Cal.4th at p. 87, 201 Cal.Rptr.3d 449, 369 P.3d 229.) Were a chair in a hospital waiting room to collapse, the resulting claim would be subject to the two-year statute of limitations, not section 340.5's shorter statute, because "the hospital's duty with respect to that chair is no different from that of any other home or business with chairs in which visitors may sit." ( Id. at p. 89, 201 Cal.Rptr.3d 449, 369 P.3d 229.) By contrast, the plaintiff in Flores was injured due to the breach of a duty owed only to patients: As she conceded, hospital staff failed to competently carry out her doctor's order to raise the rails on her bed. Flores, supra, 63 Cal.4th at p. 89, 201 Cal.Rptr.3d 449, 369 P.3d 229.) The hospital's negligent use or maintenance of the rails was "integrally related to her medical diagnosis and treatment." ( Ibid. ) ["When a doctor or other health care professional makes a judgment to order that a hospital bed's rails be raised in order to accommodate a patient's physical condition *160 and the patient is injured as a result of the negligent use or maintenance of the rails, the negligence occurs 'in the rendering of professional services' ..."].)
D. Application of Flores to Johnson's Trip and Fall
Unlike plaintiff Flores, who was injured during the provision of medical care, through the breach of a duty owed only to patients, Johnson was injured after her *844 care was completed, allegedly as a result of a breach of duties owed generally to all visitors to the Open Door clinic. Although she tripped on medical equipment coincidentally used as part of her earlier medical treatment, she does not allege that Open Door's failure to properly maintain the scale affected the quality of her medical treatment. She was weighed without incident. Had she alleged the improper placement of the scale caused her to fall off the scale and injure herself, MICRA might apply. Had she alleged that Open Door's failure to properly calibrate the scale resulted in inaccurate information and inappropriate medical care, any resulting claim would almost certainly be subject to MICRA. However, she alleges that Open Door's placement of the scale posed a tripping hazard, implicating Open Door's duty to all users of its facility, including patients, employees, and other invitees, to maintain safe premises. ( Flores, supra , 63 Cal.4th at pp. 87-88, 201 Cal.Rptr.3d 449, 369 P.3d 229.)
We must avoid a ruling which would make ordinary premises liability claims subject to the special, one-year statute of limitations by differentiating between the special duties that medical providers owe to patients, on one hand, and those they owe, as property owners. to all invitees, on the other. ( Flores, supra, 63 Cal.4th at p. 89, 201 Cal.Rptr.3d 449, 369 P.3d 229.) Johnson alleges that Open Door negligently left a hazardous object in her path. Under these circumstances, the nature of the object does not matter-the scale could have just as easily been a broom or a box of medical supplies-what is material is that the duty owed by Open Door was not owed exclusively to patients. ( Flores, supra, 63 Cal.4th at p. 86, 201 Cal.Rptr.3d 449, 369 P.3d 229 [ section 340.5 should not apply to a trip and fall claim involving a broom carelessly left on a hallway floor].) Indeed, this case is closely analogous to the "collapsing chair" example in Flores , where the failure to maintain a waiting-room chair threatens harm to all visitors, not just patients, and therefore constitutes ordinary, not professional services, negligence. ( Id. at p. 89, 201 Cal.Rptr.3d 449, 369 P.3d 229.)
Because Johnson's injuries resulted from an alleged breach of defendant's obligation, "simply by virtue of operating facilities open to the public, to maintain [its] premises in a manner that preserves the well-being and safety of all users" ( Flores, supra , 63 Cal.4th at p. 87, 201 Cal.Rptr.3d 449, 369 P.3d 229 ), the trial court erred in the applying of MICRA's one-year statute of limitations.
*161 E. Other Authorities
To the extent they are still viable, the pre- Flores cases cited by Open Door are nonetheless unavailing.[2] For example, Williams v. Superior Court (1994) 30 Cal.App.4th 318, 36 Cal.Rptr.2d 112, consistent with Flores , requires courts to examine the nature and cause of the alleged injury to determine whether each is " 'directly related to the manner in which professional services were provided. ' " ( *845 Id. at p. 325, 36 Cal.Rptr.2d 112, italics added, quoting Central Pathology Service Medical Clinic, Inc. v. Superior Court (1992) 3 Cal.4th 181, 192, 10 Cal.Rptr.2d 208, 832 P.2d 924.) As discussed above, because Johnson does not allege harm flowing from any aspect of her medical treatment, which had concluded when she tripped, the relationship between the manner of her medical treatment and her injury is not "direct." Indeed, Open Door's factual defense appears to be that Johnson is at least partially responsible for her injury because she failed to look where she was going as she said goodbye to the nurse-practitioner. The failure to watch where one is walking has nothing to do with, and cannot possibly be a viable defense to, a claim for medical negligence. Indeed, it raises a classic premises liability question: to what extent Johnson's accident was caused solely by Open Door's failure to exercise ordinary care in placing the scale in the clinic hallway, as opposed to Johnson's failure to exercise ordinary care by avoiding an open and obvious danger. (See , e.g., Sassoon v. Lowe's Home Centers, LLC (9th Cir. 2016) 643 Fed.Appx. 624, 626, discussing California authorities.)
Bellamy v. Appellate Department (1996) 50 Cal.App.4th 797, 57 Cal.Rptr.2d 894 is also distinguishable. There, the patient, fell off a rolling X-ray table while left unattended and unsecured. ( Id . at p. 799, 57 Cal.Rptr.2d 894.) The Court of Appeal ruled that her action sounded in professional negligence, bringing it within the provisions of MICRA. ( Id. at p. 808, 57 Cal.Rptr.2d 894 & fn. 5.) The failure to secure a coughing patient implicated the standard of care for medical treatment, not the standard of care that applied to all invitees (as non-patients would presumably not need to be strapped into a gurney). By contrast, here, the positioning of the scale implicates the more general duty to maintain premises that are safe for all invitees.
*162 In Canister, supra, 160 Cal.App.4th 388, 72 Cal.Rptr.3d 792, a police officer who was accompanying an arrestee in the back of an ambulance sued the ambulance service for negligence; the officer alleged that the vehicle was driven negligently and that the EMTs failed to inform him that seatbelts were available. ( Id. at pp. 392-393, 72 Cal.Rptr.3d 792.) The Court of Appeal ruled that the officer's claims were for professional negligence. ( Id. at p. 407, 72 Cal.Rptr.3d 792.) While the court's rationale, in Canister , does not comport with Flores ' analysis, the outcome is arguably correct, in that (1) the negligent performance of tasks requiring no medical skill or training may nonetheless implicate professional medical services and trigger the application of MICRA ( Flores, supra, 63 Cal.4th at pp. 85-86, 201 Cal.Rptr.3d 449, 369 P.3d 229 ); and (2) the EMTs who allegedly operated an ambulance without due care were rendering professional services at the time and their failure to do so competently caused the officer's injuries. ( Canister, supra, 160 Cal.App.4th at p. 407, 72 Cal.Rptr.3d 792.) By contrast, in Aldana v. Stillwagon , supra , 2 Cal.App.5th 1, 205 Cal.Rptr.3d 719, the Court of Appeal held that a paramedic supervisor who, en route to observe and evaluate the performance of EMTs, negligently collided with another vehicle, was not engaged in providing " 'professional [medical] services' " when he injured plaintiff, as the supervisor was not providing care to or transporting a patient when he operated his vehicle negligently. ( Id. at p. 8, 205 Cal.Rptr.3d 719.) Thus, the injury had no connection at all to the provision of medical services or the manner in which they were provided. It flowed from the breach of duties owed by all drivers, not from the breach of a professional obligation.
DISPOSITION
The trial court's application of the one-year statute of limitations for professional *846 negligence was error. We reverse the judgment and remand for further proceedings. Johnson is entitled to her costs on appeal. ( Cal. Rules of Court, rule 8.278(a)(1).)
We concur:
RUVOLO, P.J.
STREETER, J.

The statute also sets forth certain exceptions which do not apply here.

In Flores, the Supreme Court squarely rejected the "application of special skill" rule followed in Gopaul v. Herrick Memorial Hosp. (1974) 38 Cal.App.3d 1002, 113 Cal.Rptr. 811 and the suggestion in Murillo v. Good Samaritan Hospital (1979) 99 Cal.App.3d 50, 160 Cal.Rptr. 33 that a breach of the duty to maintain safe premises falls within section 340.5. (Flores, supra, 63 Cal.4th 75, 85-86 & fn.3, 201 Cal.Rptr.3d 449, 369 P.3d 229.) The Second District Court of Appeal has questioned the continuing viability of Canister v. Emergency Ambulance Service, Inc. (2008) 160 Cal.App.4th 388, 72 Cal.Rptr.3d 792 (Canister ) because that court's reasoning resembled the overbroad rule rejected in Flores. (Aldana v. Stillwagon (2016) 2 Cal.App.5th 1, 7, 205 Cal.Rptr.3d 719.)