Filed 5/24/21  Hirzallah v. The Regents of the University of Cal. CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KHALED HIRZALLAH,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | G058914<br><br>(Super. Ct. No. 30-2019-01047434)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge.  Affirmed.

Law Office of Carson Newton, Carson Newton; Law Office of Gene J. Goldsman and Gene J. Goldsman for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Michael A. Carlin; Carroll, Kelly, Trotter, Franzen, McBride & Peabody and Steven J. Wysocky for Defendants and Respondents.

Plaintiff Khaled Hirzallah appeals from a judgment entered against him after the trial court sustained the defendants' demurrer to the operative complaint with leave to amend and plaintiff failed to file an amended complaint within the time allowed. Plaintiff argues the trial court erred by applying a one-year statute of limitations under Code of Civil Procedure section 340.5 (section 340.5) to his causes of action instead of a longer statute of limitations because plaintiff's claims do not arise from defendants' provision of professional services as health care providers. We disagree and affirm.

**FACTS**

On August 15, 2017, plaintiff was a patient at the University of California Irvine's Medical Center. Plaintiff was sent to an exam room, in which he lay down on the exam room table. Dr. Tan Nguyen opened the door of the room, striking plaintiff and injuring him.

On January 29, 2019, plaintiff sued the Regents of the University of California and Nguyen (defendants), alleging causes of action for negligence and premises liability. Defendants demurred, arguing plaintiff's causes of action were barred by section 340.5, which imposes a one-year statute of limitations on causes of action for professional negligence against health care professionals. The court sustained the demurrer with leave to amend.

Plaintiff filed a first amended complaint, which added various new defendants (not parties to this appeal), as well as causes of action for negligent construction and breach of implied and express warranties of fitness. Defendants demurred again, raising the same statute of limitations argument, as well as certain other arguments specific to the new causes of action, which do not relate to this appeal. The trial court sustained the demurrer as to all causes of action, again finding section 340.5 barred the negligence and premises liability causes of action, but granted plaintiff a second chance to amend.

2

Plaintiff failed to file a second amended complaint within the period granted by the court and the court dismissed the action as to defendants.

## DISCUSSION

On appeal, plaintiff raises only one issue: whether the trial court properly applied section 340.5 to his causes of action for negligence and premises liability. When a plaintiff appeals from a judgment of dismissal entered after a demurrer is sustained, we "review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law." (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.)

Section 340.5 applies to the "professional negligence" of a "health care provider." "Professional negligence" is defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." (§ 340.5, subd. (2).) In many cases, as in this one, the principal point of dispute is whether the negligent act or omission occurred "in the rendering of professional services."

Plaintiff argues this case is on all fours with *Johnson v. Open Door Community Health Centers* (2017) 15 Cal.App.5th 153 (*Johnson*). In *Johnson*, the plaintiff tripped over a scale while leaving a community health clinic, suffering serious injuries. (*Johnson,* at p. 156.) The plaintiff sued almost two years later. (*Ibid*.) The defendant sought summary judgment, arguing section 340.5 applied and the plaintiff's claim was time-barred. (*Ibid*.) The trial court agreed, entering summary judgment in favor of the defendant because the plaintiff suffered her injuries while in the course of obtaining medical treatment, and the injuries were caused by equipment used to diagnose and treat medical conditions. (*Id*. at p. 157.)

The Court of Appeal reversed based upon the distinction between injuries caused by "the rendering of professional services," as required by section 340.5, and those caused by ordinary negligence, such that the ordinary two-year statute of limitations for personal injury would apply. (*Johnson, supra*, 15 Cal.App.5th at p. 158.) The distinction turns on the nature of the duty alleged to be violated by the provider: is the duty a "professional obligation[] . . . in the rendering of medical care to . . . patients;" or is it an obligation owed "simply by virtue of operating facilities open to the public, to maintain their premises in a manner that preserves the well-being and safety of all users"? (*Id.* at p. 159.) If the duty is a professional obligation owed to patients, then section 340.5 applies. If not, section 340.5 does not apply.

The Court of Appeal in *Johnson* concluded the duty to avoid obstructing an exit path from the building with a trip hazard was the latter sort of duty, owed not just to patients but to all users of the facility. (*Johnson, supra*, 15 Cal.App.5th at p. 160.) Accordingly, the court concluded section 340.5 did not apply.

In dicta, the *Johnson* court also described two hypothetical situations with subtle distinctions from the facts in *Johnson*. The *Johnson* court wrote "[h]ad [the plaintiff] alleged that [the clinic's] failure to properly calibrate the scale resulted in inaccurate information and inappropriate medical care, any resulting claim would almost certainly be subject to [section 340.5]." (*Johnson, supra*, 15 Cal.App.5th at p. 160.) And "[h]ad [the plaintiff] alleged the improper placement of the scale caused her to fall off the scale and injure herself, [section 340.5] might apply." (*Ibid.*)

The facts of the present case are distinguishable from *Johnson* in precisely the way the *Johnson* court contemplated. Plaintiff here alleges the improper placement of the exam table caused his injuries while he was lying on the exam table, analogously to the *Johnson* court's hypothetical in which the plaintiff fell off the scale. *Johnson* therefore provides us little guidance, as the *Johnson* court wrote only that, under these circumstances, section 340.5 "might" apply. (*Johnson, supra*, 15 Cal.App.5th at p. 160.)

4

Instead, we turn to our Supreme Court's decision in *Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75 (*Flores*), which laid out the governing principles and analytical framework utilized by the Court of Appeal in *Johnson*. In *Flores*, the plaintiff was attempting to rise from her hospital bed when a bedrail collapsed and she fell to the floor. (*Flores,* at p. 79.) She sued the hospital just under two years later. (*Ibid.*) The defendant demurred, citing section 340.5. (*Flores,* at p. 80.) The trial court sustained the demurrer, but the Court of Appeal reversed, and the Supreme Court granted review to determine "whether negligence in the use or maintenance of hospital equipment or premises qualifies as professional negligence," subject to section 340.5. (*Flores,* at p. 84.)

Before the Supreme Court, the plaintiff argued section 340.5's reference to "professional services" meant "'services involving a job requiring a particularized degree of medical skill.'" (*Flores, supra*, 63 Cal.4th at p. 84.) The defendant, meanwhile, argued *any* negligent act or omission in maintaining its equipment or premises was within the scope of "professional services," because all such acts are governed by "the statutory and regulatory licensing requirements for hospitals." (*Id*. at p. 85.)

The Supreme Court settled on a rule between these two positions. (*Flores, supra*, 63 Cal.4th at p. 85.) The Supreme Court rejected the plaintiff's argument that rendering "professional services" necessarily requires the application of professional skill. (*Ibid*.) The court listed three examples of situations not involving professional skills, in which the negligent act nonetheless occurred while the defendant was rendering professional services. (*Id*. at pp. 85-86.) The last of these involved a patient falling from a rolling X-ray table after it was negligently left unsecured. (*Ibid.*) This was not a mere hypothetical—the Supreme Court cited (with apparent approval) *Bellamy v. Appellate Department* (1996) 50 Cal.App.4th 797 (*Bellamy*), in which the Court of Appeal actually analyzed those facts and concluded they constituted negligence in the rendering of professional services. (*Ibid.*)

5

*Bellamy*, in turn, relied on the fact that "[p]eople do not commonly mount X-ray tables in hospitals except for a radiological examination or therapy" to conclude the alleged negligence arose "'in the rendering of professional services.'" (*Bellamy, supra*, 50 Cal.App.4th at pp. 805-806.) The court explained "the hospital was rendering professional services to [the plaintiff] in taking X-rays and she would not have been injured by falling off the X-ray table but for receiving those services." (*Id.* at p. 806.)

We cannot find, and plaintiff does not propose, a meaningful distinction between the facts of *Bellamy* (which *Flores* said involved professional services) and the facts of the present case. Plaintiff mounted the exam table for the purpose of being examined by Nguyen and would not have been injured but for receiving those services. Plaintiff was injured because the table was negligently placed, but defendants' duty to place the table properly is owed only to those likely to mount the table and be injured—namely, patients.

Plaintiff's contention that opening a door or placing a table safely with respect to the door takes no professional skill is irrelevant. As the Supreme Court noted in *Flores*, "[a] medical professional . . . may commit a negligent act in rendering medical care, thereby causing a patient's injury, even where no particular medical skills were required to complete the task at hand." (*Flores, supra*, 63 Cal.4th at p. 85.) That is what happened here, according to the facts alleged in plaintiff's first amended complaint.

Plaintiff's contention that anyone (including persons other than a doctor) could have opened the door that injured plaintiff is also irrelevant. The Supreme Court in *Flores* noted that negligently disconnecting a patient's ventilator occurred in the rendering of professional services "'regardless of whether separation was caused by the ill-considered decision of a physician or the accidental bump of a janitor's broom.'" (*Flores, supra*, 63 Cal.4th at p. 85.) And it makes no difference that plaintiff has alleged premises liability in addition to his cause of action for negligence; the plaintiff in *Flores* did the same, and this was no bar to application of section 340.5. (*Flores,* at pp. 79-80.)

6

Consequently, we conclude section 340.5 applies and defendants' demurrer was properly sustained.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover costs on appeal.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.