Filed 11/2/21

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

|  |  |
|---|---|
| STACY MITCHELL,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>LOS ROBLES REGIONAL<br>MEDICAL CENTER,<br><br>  Defendant and Respondent. | 2d Civil No. B309123<br>(Super. Ct. No. 56-2019-<br>00528548-CU-PO-VTA)<br>(Ventura County) |

Stacy Mitchell fell in the Emergency Department at Los Robles Regional Medical Center (Hospital) bruising her face and badly injuring her knee. The trial court granted summary judgment to Hospital because Mitchell filed her complaint beyond the one-year statute of limitations for medical professional negligence. (Code Civ. Proc., § 340.5.)[1] Appellant contends the trial court erred because Hospital's negligence did not involve the provision of medical services. We affirm.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise noted.

FACTS

On the evening of May 26, 2017, appellant, in distress over the death of a pet, swallowed 60 Naproxen tablets. She vomited twice and had abdominal cramps. Appellant, accompanied by her husband, "presented" at the Hospital emergency department at 7:23 a.m. on May 27. An emergency room physician took her history and noted that appellant was still experiencing nausea and abdominal pain and had a resting tremor. Appellant was alert, oriented and had no acute distress. The physician noted no motor deficits or sensory deficits. His impression was that appellant had suffered an acute kidney injury.

At 8:05 a.m., the registered nurse assigned to appellant noted her history of nausea and vomiting and her muscle tremor. Appellant was calm and cooperative and not experiencing pain. The nurse placed an IV catheter in appellant's left forearm.

Nearly two hours later, the nurse noted that appellant walked to the toilet with assistance from her husband. He further noted that appellant walked back to her bed without assistance. On the way back, appellant fell, causing abrasions to her nose and forehead and severely injuring her knee.

About 30 minutes after the fall, appellant was seen by an internal medicine physician. Appellant told the physician that, on the way back from the restroom, her legs just "gave out" and she fell to the floor.

Appellant was admitted to the hospital where she was treated with antibiotics for possible sepsis. A head CT scan showed no intracranial findings and a chest x-ray showed no acute cardiopulmonary findings. An x-ray and CT scan of

2

appellant's knee showed serious injuries. The orthopedic surgeon who met with appellant on May 28 determined that surgery was not required. He recommended using a knee immobilizer and crutches with limited weightbearing. Appellant was referred to physical therapy. She was discharged from Hospital on May 30, 2017.

Appellant later explained that she told the nurse she needed to use the restroom and he told her to go. He did not offer to accompany her. She believed she fell because she felt "jittery," "shaky" and "sick." Her leg just "gave out." There was nothing wrong with the floor. Appellant's husband agreed. He noticed no difficulties with the lighting or the floor surface in the emergency room. It was not slippery or wet.

Respondent's expert on nursing opined that "the nurses and non-physician personnel of [respondent] complied with the standard of care in all aspects with this patient's treatment in the Emergency Department." When a person seeks professional medical services in an emergency room, Hospital and its staff, have a duty to provide care appropriate to the patient's needs. The nursing staff had no reason to suspect appellant presented a high fall risk because she did not complain of dizziness and had no observed balance problems. It was within the standard of care for the nurse to allow appellant to walk to the bathroom alone.

PROCEDURAL HISTORY

Appellant filed her complaint for general negligence and premises liability on May 17, 2019. The complaint alleges that Hospital staff did not accompany her to the restroom, even though she needed assistance, and that she fell as a result. Hospital's motion for summary judgment argued the complaint

stated a cause of action for professional negligence, rather than general negligence or premises liability, and was therefore time barred under section 340.5. In addition, respondent argued, the premises liability claim failed because appellant herself stated that the condition of the floor did not contribute to her fall. Finally, even if appellant's cause of action was for general negligence, the care provided by respondent's nursing staff complied with the applicable standard of care.

The trial court agreed with Hospital, concluding the complaint was time barred under section 340.5 because the nursing staff's decision to not assist appellant in walking to the restroom was "integrally related" to her medical care and treatment. It also remarked that appellant provided no evidence in support of the cause of action for premises liability and did not dispute respondent's statement that her fall was unrelated to the condition of the floor. It also noted that there was no factual dispute concerning the general negligence cause of action because appellant presented no evidence refuting the opinion of respondent's expert witness that the nursing care provided to appellant complied with the standard of care.

STANDARD OF REVIEW

The trial court must grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) We review the order granting summary judgment de novo. (*Johnson v. Open Door Community Health Centers* (2017) 15 Cal.App.5th 153, 157.)

DISCUSSION[2]

A personal injury action generally must be filed within two years of the date on which the negligent act or omission occurred.  (§ 335.1.)  When the cause of action is for "injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."  (§ 340.5.)

A "health care provider" within the meaning of the statute is "any person licensed or certified pursuant to" various statutory schemes including, as relevant here, the Nursing Practice Act.  (§ 340.5, subd. (1); Bus. & Prof. Code, § 2725, et seq.)  Professional negligence includes, "a negligent act or

---

[2] The notice of appeal states that the appeal is taken from a judgment after an order granting summary judgment.  The record provided by appellant, however, contains no such judgment.  "As numerous published appellate opinions have pointed out, an order granting summary judgment is not an appealable order."  (*Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7.)  However, the order granting the motion for summary judgment disposed of each cause of action alleged in appellant's complaint.  Respondent has not moved to dismiss the appeal and has not been prejudiced by the failure to secure an appealable judgment because it has fully briefed appellant's challenges to the order.  (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 571.)  In the interest of justice and to avoid delay, we construe the order granting summary judgment as incorporating an appealable judgment, and the notice of appeal as appealing from such judgment.  (*Levy, supra,* at p. 761, fn. 7; *Avila v. Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445.)

5

omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." (§ 340.5, subd. (2); see also, *Aldana v. Stillwagon* (2016) 2 Cal.App.5th 1, 6-7.)

Appellant filed her complaint more than one year after the date of her injury. The question then, is whether her complaint is barred by the one-year statute of limitations in section 340.5 because it is a cause of action for "professional negligence" within the meaning of the statute. Appellant contends it is not, because helping someone walk to and from the toilet is not a professional medical service. We disagree.

*Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75 (*Flores*) explained that section 340.5 draws a distinction "between the professional obligations of hospitals in the rendering of medical care to their patients and the obligations hospitals have, simply by virtue of operating facilities open to the public, to maintain their premises in a manner that preserves the well-being and safety of all users." (*Flores*, *supra*, at p. 87.) Section 340.5 provides the applicable statute of limitations where the complaint alleges "injury suffered as a result of negligence in rendering the professional services that hospitals and others provide by virtue of being health care professionals: that is, the provision of medical care to patients." (*Flores*, *supra*, at p. 88.)

By contrast, section 340.5 does not apply where the complaint alleges negligence in "the maintenance of equipment and premises that are merely convenient for, or incidental to, the provision of medical care to a patient. . . . Even those parts of a

6

hospital dedicated primarily to patient care typically contain numerous items of furniture and equipment – tables, televisions, toilets, and so on – that are provided primarily for the comfort and convenience of patients and visitors, but generally play no part in the patient's medical diagnosis or treatment. Although a defect in such equipment may injure patients as well as visitors or staff, a hospital's general duty to keep such items in good repair generally overlaps with the 'obligations that all persons subject to California's laws have' [citation], and thus will not give rise to a claim for professional negligence." (*Flores*, *supra*, 63 Cal.4th at pp. 88-89.)

Here, the undisputed facts establish appellant was a patient in the emergency room being monitored and awaiting treatment when she fell while walking back to her room after using the toilet. Appellant's declaration states that she needed to use the toilet but felt "jittery, shaky and sick," and was not confident she could do so with only her husband's assistance. She and her husband asked Hospital staff for help, but no one was available. Eventually, she walked to the toilet with her husband's assistance. On the way back to her room, her leg "gave out," and she fell. Appellant testified in her deposition that there was nothing wrong with the floor where she fell. Her husband agreed with that assessment.

Appellant alleges that respondent's nurses negligently failed to assist her in walking to and from the toilet, causing her fall. A nurse's professional duties include providing "[d]irect and indirect patient care services that ensure the safety, comfort, personal hygiene, and protection of patients . . . ." (Bus. & Prof. Code, § 2725, subd. (b)(1).) Appellant's allegation that she fell because the nurse did not assist her in using the toilet is

7

an allegation that the nurse breached his professional duties. For this reason, we conclude the complaint alleges a cause of action for professional medical negligence, rather than general negligence or premises liability.  Section 340.5 provides the applicable statute of limitations.  Because appellant's complaint was filed more than one year after her injury, it is time barred.

We recognize that accompanying someone to the restroom is not a sophisticated medical procedure.  But that is not determinative.  Section 340.5 applies to more than tasks that "require advanced medical skills and training.  A medical professional or other hospital staff member may commit a negligent act in rendering medical care, thereby causing a patient's injury, even where no particular medical skills were required to complete the task at hand." (*Flores*, *supra*, 63 Cal.4th at p. 85.)  Instead, the statute applies to "actions alleging injury suffered as a result of negligence in rendering the professional services that hospitals and others provide by virtue of being health care professionals: that is, the provision of medical care to patients." (*Id*. at p. 88.)

Here, the nursing staff's judgment that appellant could use the restroom without their assistance was a judgment made in the course of providing medical care to her.  Their duty to, for example, protect her from falling while walking in the emergency room was a duty owed to a patient, not a member of the general public.  For this reason, we conclude the claim is one for professional negligence to which section 340.5 applies.

CONCLUSION

Because the complaint alleges a cause of action for professional medical negligence, the one-year statute of limitations provided in section 340.5 applies and is time-barred.

The judgment is affirmed.  Respondent shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Pick & Boydston and Brian D. Boydston, for Plaintiff and Appellant.

Dummit, Buchholz & Trapp and Kevin S. Tanaka, for Defendant and Respondent.