Filed 8/3/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| GERARDO ALDANA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MIKE STILLWAGON,<br><br>    Defendant and Respondent. | 2d Civil No. B259538<br>(Super. Ct. No. 56-2013-<br>00440994-CU-PA-VTA)<br>(Ventura County) |

INTRODUCTION

Mike Stillwagon, a paramedic supervisor, was driving his employer's pickup truck. He was en route to the location of an injured fall victim to supervise the responding emergency medical technicians (EMTs) and, if necessary, provide assistance. At an intersection in Oxnard, he collided with a vehicle being driven by Gerardo Aldana. A year and a half later, Aldana sued him for negligence.

The Medical Injury Compensation Reform Act (MICRA) limits the time to file suit against a health care provider for professional negligence to one year from the date the injury is discoverable.[1] (Code Civ. Proc., § 340.5.)[2] The trial court found that

---

[1] MICRA "creates two separate statutes of limitations, both of which must be satisfied if a plaintiff is to timely file a medical malpractice action. First, the plaintiff must file within one year after she first 'discovers' the injury and the negligent cause of that injury. Secondly, she must file within three years after she first experiences harm from the injury." (*Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1054, italics omitted.) Only the one-year limit is at issue here.

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

Aldana's suit was subject to MICRA's one-year statute of limitations rather than the two-year limitations period for general negligence (§ 335.1), and therefore was time-barred.

After briefing was complete and before we heard oral argument, our Supreme Court decided *Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75 (*Flores*), which clarified the issue. *Flores* held that "the special statute of limitations for professional negligence actions against health care providers applies only to actions alleging injury suffered as a result of negligence in rendering the professional services that hospitals and others provide by virtue of being health care professionals: that is, the provision of medical care to patients." (*Id.* at p. 88.)

Aldana contends that the trial court erred in applying MICRA because he had no connection to the professional services being rendered and because Stillwagon was not rendering professional services at the time of the accident. We agree with the latter contention. While Stillwagon's status as a paramedic may demonstrate that he was a medical professional, the automobile collision remains a "garden-variety" accident not resulting from the violation of a professional obligation but from a failure to exercise reasonable care in the operation of a motor vehicle. (*Flores*, *supra*, 63 Cal.4th at p. 87, fn. 4; see *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1237.) The obligation was one that he owed to the general public by virtue of being a driver and not one that he owed to a patient by virtue of being a paramedic. Therefore, we reverse.

FACTS AND PROCEDURAL HISTORY

Stillwagon was on duty as a paramedic supervisor at the Gold Coast Ambulance station. Around 1:30 a.m., he heard on his radio scanner that an ambulance had been dispatched in response to a 911 call regarding an unconscious fall victim. He decided to respond to the call as an additional resource due to the indeterminate nature of the victim's condition and because he "was up and ready to go, and sometimes those calls are the best calls to provide a little evaluation on how the crews are performing in the early hours of the morning."

Stillwagon was certified as an ambulance driver. He got into the supervisor's vehicle, a Ford F-150 truck. It had an emergency vehicle permit but was not

2

an ambulance and could not transport patients.  At an intersection in Oxnard, Stillwagon failed to come to a complete stop at a red light.  Aldana was driving through the intersection from the direction with the green light when he collided with Stillwagon's vehicle.[3]

Approximately 17 months later, Aldana sued Stillwagon for damages sustained in the collision, alleging a single cause of action for negligence.  The trial court granted Stillwagon summary judgment.  Relying on *Canister v. Emergency Ambulance Service* (2008) 160 Cal.App.4th 388 (*Canister*), the trial court applied MICRA's one-year statute of limitations for professional negligence.

*Canister* held that EMTs "are health care providers and negligence in operating an ambulance qualifies as professional negligence when the EMT is rendering services that are identified with human health and for which he or she is licensed." (*Canister*, *supra*, 160 Cal.App.4th at p. 392.)  Here, the trial court extended *Canister* to apply to a non-ambulance vehicle driven by a paramedic supervisor on the way to a victim requiring medical care.  The trial court ruled that "[t]raveling to the location of a patient/victim is an integral part of the services provided by an ambulance driver" and "there is no strict requirement that a health care provider actually be providing services to a patient/victim at the time the negligent act occurred."

## DISCUSSION

This appeal presents an issue of statutory construction, which we review de novo. (*Canister*, *supra*, 160 Cal.App.4th at p. 394.)  "In interpreting section [340.5], we seek to determine the Legislature's intent in order to effectuate the purpose of the law. [Citation.]  We begin with the words of the statute, because generally they are the most reliable indicator of legislative intent. [Citation.]  If the statutory language is clear and unambiguous, we end our inquiry, since '"[i]f there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute

---

[3] The parties dispute whether Stillwagon activated his vehicle's emergency lights and "yelp siren" before entering the intersection.  For the purpose of determining MICRA's applicability, this is not a material fact.

3

governs.'" [Citation.] When the text of a statute is susceptible of more than one reasonable interpretation, we consider "''a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.'''" [Citation.]" (*Id.* at pp. 399-400.)

MICRA's one-year statute of limitations applies to "an action for injury or death against a health care provider based upon such person's alleged professional negligence." (§ 340.5.) A "health care provider" is "any person licensed or certified pursuant to" various statutory schemes including, as relevant here, the Emergency Medical Services System and the Prehospital Emergency Medical Care Personnel Act. (*Id.* at subd. (1); Health & Saf. Code, §§ 1797 et seq., 1797.4.) MICRA defines "professional negligence" to mean "a negligent act or omission to act by a health care provider *in the rendering of professional services*, which act or omission is the proximate cause of a personal injury or wrongful death, *provided that such services are within the scope of services for which the provider is licensed* and which are not within any restriction imposed by the licensing agency or licensed hospital." (§ 340.5, subd. (2), italics added.)

The dispositive question here is whether driving to the accident victim constitutes "professional services." It does not.

*Canister* concluded that both the EMT driving the ambulance and the EMT attending the patient were rendering professional services. (*Canister*, *supra*, 160 Cal.App.4th at p. 407.) In light of *Flores*, it is questionable whether this conclusion was correct. The Supreme Court recognized that MICRA is not limited "only to those specific tasks that require advanced medical skills and training" (*Flores*, *supra*, 63 Cal.4th at p. 85), but explained that MICRA does not apply to a medical professional's negligent act or omission "merely because it violates a state licensing requirement." (*Id.* at p. 86.) The plaintiff in *Canister* was a passenger accompanying the patient who "alleged [that] the ambulance was being driven negligently" and that he had not been "informed . . . that seatbelts were available." (*Canister*, at p. 393.)

4

Even if *Canister* was correctly decided, it is distinguishable. The regulation governing a paramedic's "scope of practice" provides that "a licensed paramedic" may perform certain specified procedures and administer various enumerated medicines "while caring for patients in a hospital as part of his/her training or continuing education . . . , or while at the scene of a medical emergency or during transport, or during interfacility transfer."[4] (Cal. Code Regs., tit. 22, § 100146, subd. (c); see Health & Saf. Code, § 1797.170 [directing EMS Authority to establish minimum standards and promulgate regulations for EMT's training and scope of practice].) This includes the situation (if not the actions and omissions at issue) in *Canister*—a patient being transported from the scene of an accident to a hospital—but not the situation here. Driving a non-ambulance vehicle to the scene of an injured victim is outside the scope of the duties for which a paramedic is licensed. Under *Canister*, MICRA would not apply. (See *Canister*, *supra*, 160 Cal.App.4th at p. 407 ["An EMT's operation of an ambulance qualifies as professional negligence when the EMT is rendering services for which he or she is licensed or when a claim for damages is directly related to the provision of ambulance services by the EMT"].)

Stillwagon asserts that "[w]hen responding to the emergency call, [he] was acting within the course and scope of his employment as a licensed health care provider." It is not the scope of his employment, however, that matters. If MICRA applied merely because a health care provider acted within the scope of his or her employment, then it would apply to any claim against a health care provider based upon services he or she performed on the job. MICRA is limited, however, to claims arising from "*professional* services," and even then only "such services . . . for which the provider is licensed."

---

[4] In addition, a licensed paramedic may perform any of the procedures that an EMT or advanced EMT is authorized to perform, but those are similarly limited. (See Cal. Code Regs., tit. 22, § 100063, subd. (a) [EMT duties are "[d]uring training, while at the scene of an emergency, during transport of the sick or injured, or during interfacility transfer"]; *id.* § 100106, subd. (b) [advanced EMT duties are "while caring for patients in a hospital as part of their training or continuing education . . . or while at the scene of a medical emergency or during transport, or during interfacility transfer"].)

5

(§ 340.5, subd. (2), italics added.)  We cannot ignore the Legislature's proviso as surplusage.  (See *PacifiCare of Cal. v. Bright Medical Associates, Inc.* (2011) 198 Cal.App.4th 1451, 1468; see also *Flores*, *supra*, 63 Cal.4th at p. 86 [rejecting construction of MICRA "covering essentially every form of ordinary negligence that happens to occur on hospital property"].)

More importantly, while MICRA is not limited to suits by patients (*Hedlund v. Superior Court* (1983) 34 Cal.3d 695, 703), it "applies only to actions alleging injury suffered as a result of negligence in . . . the provision of medical care to patients." (*Flores*, *supra*, 63 Cal.4th at p. 88.)  Driving to an accident victim is not the same as providing medical care to the victim.  A paramedic's exercise of due care while driving is not "necessary or otherwise integrally related to the medical treatment and diagnosis of the patient" (*ibid.*), at least when the patient is not in the vehicle.  Accordingly, MICRA does not apply here.  A contrary rule "would . . . sweep in not only negligence in performing the duties that [health care providers] owe to their patients in the rendering of medical diagnosis and treatment, but negligence in performing the duties that [they] owe to all . . . simply by virtue of operating [in public]." (*Id.* at p. 86.)

### DISPOSITION

The judgment is reversed.  Costs to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura
_____

Law Office of Herb Fox, Herb Fox; and Katherine Lipel for Plaintiff and Appellant.

Loskamp & Wohlgemuth and Edwin K. Loskamp for Defendant and Respondent.