Filed 9/11/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CLAUDIA A. JOHNSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>OPEN DOOR COMMUNITY HEALTH CENTERS,<br><br>    Defendant and Respondent. | A143992<br><br>(Humboldt County<br>Super. Ct. No. DR130620) |

Plaintiff Claudia Johnson appeals the trial court's entry of summary judgment for defendant Open Door Community Health Centers ("Open Door"), contending the trial court's application of the Medical Injury Compensation Reform Act's (MICRA) (Code Civ. Proc., § 340.5) one-year statute of limitations for professional negligence was error. Guided by *Flores v. Presbyterian Intercommunity Hosp.* (2016) 63 Cal.4th 75 (*Flores*), we reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

Johnson was at one of Open Door's clinics on November 3, 2011 to review test results with a nurse-practitioner. Prior to her consult, and before she entered the treatment room, her vital signs were taken and she was weighed on a scale located against the wall in the hallway outside of the treatment room. After the consult, Johnson left the treatment room and headed towards the building exit, as her results were satisfactory and no further treatment was needed. On her way out of the treatment room, she tripped on the scale, which she alleges was moved during the consult and was partially obstructing the path from the room to the hall. As a result, Johnson fell and suffered serious injuries.

1

Almost two years later, Johnson filed a complaint for personal injury against Open Door. Open Door sought summary judgment on the grounds that Johnson's injuries were proximately caused by a "negligent act or omission to act by a health care provider in the rendering of professional services" for which Open Door was licensed, and thus subject to the one-year statute of limitations for professional negligence under MICRA; Johnson's complaint, filed more than one year after the incident, should therefore be dismissed as time-barred.

The facts surrounding Johnson's fall, recited above, were undisputed, leaving only the legal question of which statute of limitations to apply: the one-year limitation for injuries caused by medical professional negligence, under MICRA, or the general, two-year statute of limitations for personal injury.

At the time of the hearing, the trial court acknowledged that the "precise boundary between professional negligence and premises liability [was] currently unsettled." The court concluded Open Door's alleged negligence occurred in the rendering of professional services because Johnson was injured in the course of obtaining medical treatment, by equipment used to diagnose and treat medical conditions; therefore, the one-year statute of limitations for professional negligence applied.

Judgment for Open Door was entered and this appeal followed.

## DISCUSSION

### A. *Standard of Review*

The standards for granting summary judgment are well-settled. A trial court must grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

Our review of an order granting summary judgment is de novo. Under such circumstances, the trial court's stated reasons for granting summary judgment "are not binding on us because we review its ruling, not its rationale." (*Ram's Gate Winery, LLC*

2

*v. Roche* (2015) 235 Cal.App.4th 1071, 1079.) "Moreover, 'we apply the same three-step analysis as the trial court. First, we identify the issues framed by the pleadings. Next, we determine whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' " (*McNair v. City and County of San Francisco* (2016) 5 Cal.App.5th 1154, 1162.)

### B. The Statutes of Limitations at Issue

We are presented with a pure question of law regarding the applicable statute of limitations where a patient, who has concluded her medical treatment and is preparing to leave the facility, is injured in tripping over a piece of medical equipment which she contends was negligently placed in her path. Johnson asserts the trial court erred in finding her injury was proximately caused by the "rendering of professional [medical] services" and should have applied the two-year statute of limitations for ordinary negligence. (Code Civ. Proc., § 335.1.) Open Door asserts the trial court correctly applied the one-year statute for professional negligence. (Code Civ. Proc., § 340.5.)

Code of Civil Procedure section 340.5 governs actions against health care providers for professional negligence, allowing only one year from the earlier of the date a plaintiff discovered or reasonably should have discovered his injury, or three years from the injury, to file suit.[1] It defines " '[p]rofessional negligence' " as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." (Code Civ. Proc., § 340.5 subd. (2).)

---

[1] The statute also sets forth certain exceptions which do not apply here.

### C. The Supreme Court's Interpretation of Section 340.5, subdivision (2) in Flores

The precise boundary between the duties owed by a healthcare provider to the general public and those it owes to its patients, i.e., whether negligence occurs in the course of " 'rendering. . . professional services,' " can be difficult to ascertain.  (*See Flores, supra,* 63 Cal.4th 75, 84.)  In *Flores,* while this appeal was pending, our high court provided greater clarity.  There, after assessing her condition, plaintiff's doctor ordered the rails on her hospital bed raised.  (*Id.* at p. 79.)  When plaintiff attempted to exit her bed, one of the rails collapsed, causing her to fall and be injured.  (*Ibid.*)  The Supreme Court considered whether alleged negligence "in the use or maintenance of hospital equipment or premises qualifies as professional negligence" subject to section 340.5.  (*Id.* at p. 84.)

After recounting the history of both potentially applicable statutes of limitations and surveying existing authority, the Supreme Court examined the text of section 340.5 and set forth guiding principles for ascertaining whether an injury's legal cause is "the rendering of professional services" or ordinary negligence.  (*Flores, supra,* 63 Cal.4th at pp. 82-88.)  First, the court concluded that, for the purposes of MICRA, "professional services" are not limited to those activities requiring the application of medical skill and training.  (*Id.* at p. 84.)  Injury-causing conduct that requires no special skill may nonetheless occur in the rendering of professional services, for example, when a janitor accidentally bumps a patient's ventilator; a hospital employee accidentally serves a patient food that is not part of the patient's medically-prescribed diet; or hospital staff fails to adequately secure a violently coughing patient awaiting a diagnosis.  (*Id.* at pp. 85-86.)  Though sweeping the floor, serving food, or strapping a gurney do not require medical training, they may nonetheless affect the quality of a patient's medical care.  Thus, the court declined to adopt a narrow rule limiting "professional services" to only those tasks requiring medical skill and training.  (*Id.* at p. 85.)

4

The Supreme Court also rejected, as too broad, a proposed rule that "professional services" include all acts associated with the provision of medical care, including, e.g., because an act merely violates a licensing requirement: "Such a rule would collapse the first ('a negligent act or omission . . . in the rendering of professional services') and third ('within the scope of services for which the [health care] provider is licensed') parts of the statutory definition, thereby essentially reading out of the statute the independent requirement that the negligent act or omission must occur 'in the rendering of professional services.' [Citation.] It would thus sweep in not only negligence in performing the duties that hospitals owe to their patients in the rendering of medical diagnosis and treatment, *but negligence in performing the duties that hospitals owe to all users—including personnel and visitors—simply by virtue of operating a facility that is open to the public*." (*Flores, supra,* 63 Cal.4th at p. 86, italics added.) The Supreme Court rejected the notion that MICRA's one-year statute of limitations should "apply to a visitor's action for injuries resulting from a custodian's negligence in leaving a broom on a hallway floor, or a doctor's action against the hospital for failure to place a warning sign on a wet, recently mopped floor." (*Ibid.*) Otherwise, contrary to the intent of the Legislature, section 340.5 would become "an all-purpose rule covering essentially every form of ordinary negligence that happens to occur on hospital property." (*Ibid.*)

Instead, the Supreme Court counsels us to "draw a distinction between the professional obligations of hospitals in the rendering of medical care to their patients and the obligations hospitals have, simply by virtue of operating facilities open to the public, to maintain their premises in a manner that preserves the well-being and safety of all users." (*Flores, supra,* 63 Cal.4th at p. 87.) Were a chair in a hospital waiting room to collapse, the resulting claim would be subject to the two-year statute of limitations, not section 340.5's shorter statute, because "the hospital's duty with respect to that chair is no different from that of any other home or business with chairs in which visitors may sit." (*Id.* at p. 89.) By contrast, the plaintiff in *Flores* was injured due to the breach of a duty

owed only to patients:  As she conceded, hospital staff failed to competently carry out *her doctor's order* to raise the rails on her bed.  *Flores, supra,* 63 Cal.4th at p. 89.)  The hospital's negligent use or maintenance of the rails was "integrally related to her medical diagnosis and treatment."  (*Ibid.*)  ["When a doctor or other health care professional makes a judgment to order that a hospital bed's rails be raised in order to accommodate a patient's physical condition and the patient is injured as a result of the negligent use or maintenance of the rails, the negligence occurs 'in the rendering of professional services'. . ."].)

### D. Application of Flores to Johnson's Trip and Fall

Unlike plaintiff Flores, who was injured during the provision of medical care, through the breach of a duty owed only to patients, Johnson was injured after her care was completed, allegedly as a result of a breach of duties owed generally to all visitors to the Open Door clinic.  Although she tripped on medical equipment coincidentally used as part of her earlier medical treatment, she does not allege that Open Door's failure to properly maintain the scale affected the quality of her medical treatment.  She was weighed without incident.  Had she alleged the improper placement of the scale caused her to fall off the scale and injure herself, MICRA might apply.  Had she alleged that Open Door's failure to properly calibrate the scale resulted in inaccurate information and inappropriate medical care, any resulting claim would almost certainly be subject to MICRA.  However,  she alleges that Open Door's placement of the scale posed a tripping hazard, implicating Open Door's duty to *all users* of its facility, including patients, employees, and other invitees, to maintain safe premises.  (*Flores, supra*, 63 Cal.4th at pp. 87-88.)

We must avoid a ruling which would make ordinary premises liability claims subject to the special, one-year statute of limitations by differentiating between the special duties that medical providers owe to patients, on one hand, and those they owe, as property owners. to all invitees, on the other.  (*Flores, supra,* 63 Cal.4th at p. 89.)

6

Johnson alleges that Open Door negligently left a hazardous object in her path. Under these circumstances, the nature of the object does not matter–the scale could have just as easily been a broom or a box of medical supplies–what is material is that the duty owed by Open Door was not owed exclusively to patients. (*Flores, supra,* 63 Cal.4th at p. 86 [section 340.5 should not apply to a trip and fall claim involving a broom carelessly left on a hallway floor].) Indeed, this case is closely analogous to the "collapsing chair" example in *Flores*, where the failure to maintain a waiting-room chair threatens harm to all visitors, not just patients, and therefore constitutes ordinary, not professional services, negligence. (*Id.* at p. 89.)

Because Johnson's injuries resulted from an alleged breach of defendant's obligation, "simply by virtue of operating facilities open to the public, to maintain [its] premises in a manner that preserves the well-being and safety of all users" (*Flores, supra*, 63 Cal.4th at p. 87), the trial court erred in the applying of MICRA's one-year statute of limitations.

### E. Other Authorities

To the extent they are still viable, the pre-*Flores* cases cited by Open Door are nonetheless unavailing.[2] For example, *Williams v. Superior Court* (1994) 30 Cal.App.4th 318, consistent with *Flores*, requires courts to examine the nature and cause of the alleged injury to determine whether each is " 'directly related to *the manner in which professional services were provided.*' " (*Id.* at p. 325, italics added, quoting *Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 192.) As

---

[2] In *Flores*, the Supreme Court squarely rejected the "application of special skill" rule followed in *Gopaul v. Herrick Memorial Hosp.* (1974) 38 Cal.App.3d 1002 and the suggestion in *Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50 that a breach of the duty to maintain safe premises falls within section 340.5. (*Flores, supra,* 63 Cal.4th 75, 85-86 & fn.3.) The Second District Court of Appeal has questioned the continuing viability of *Canister v. Emergency Ambulance Service, Inc.* (2008) 160 Cal.App.4th 388 (*Canister*) because that court's reasoning resembled the overbroad rule rejected in *Flores*. (*Aldana v. Stillwagon* (2016) 2 Cal.App.5th 1, 7.)

discussed above, because Johnson does not allege harm flowing from any aspect of her medical treatment, which had concluded when she tripped, the relationship between the manner of her medical treatment and her injury is not "direct." Indeed, Open Door's factual defense appears to be that Johnson is at least partially responsible for her injury because she failed to look where she was going as she said goodbye to the nurse-practitioner. The failure to watch where one is walking has nothing to do with, and cannot possibly be a viable defense to, a claim for *medical* negligence. Indeed, it raises a classic premises liability question: to what extent Johnson's accident was caused solely by Open Door's failure to exercise ordinary care in placing the scale in the clinic hallway, as opposed to Johnson's failure to exercise ordinary care by avoiding an open and obvious danger. (*See*, e.g., *Sassoon v. Lowe's Home Centers, LLC* (9th Cir. 2016) 643 F.Appx. 624, 626, discussing California authorities.)

*Bellamy v. Appellate Department* (1996) 50 Cal.App.4th 797 is also distinguishable. There, the patient, fell off a rolling X-ray table while left unattended and unsecured. (*Id*. at p. 799.) The Court of Appeal ruled that her action sounded in professional negligence, bringing it within the provisions of MICRA. (*Id.* at p. 808 & fn. 5.) The failure to secure a coughing patient implicated the standard of care for medical treatment, not the standard of care that applied to all invitees (as non-patients would presumably not need to be strapped into a gurney). By contrast, here, the positioning of the scale implicates the more general duty to maintain premises that are safe for all invitees.

In *Canister, supra,* 160 Cal.App.4th 388, a police officer who was accompanying an arrestee in the back of an ambulance sued the ambulance service for negligence; the officer alleged that the vehicle was driven negligently and that the EMTs failed to inform him that seatbelts were available. (*Id.* at pp. 392-393.) The Court of Appeal ruled that the officer's claims were for professional negligence. (*Id.* at p. 407.) While the court's rationale, in *Canister,* does not comport with *Flores*' analysis, the outcome is arguably

8

correct, in that (1) the negligent performance of tasks requiring no medical skill or training may nonetheless implicate professional medical services and trigger the application of MICRA (*Flores, supra,* 63 Cal.4th at pp. 85-86); and (2) the EMTs who allegedly operated an ambulance without due care were rendering professional services at the time and their failure to do so competently caused the officer's injuries. (*Canister, supra,* 160 Cal.App.4th at p. 407.) By contrast, in *Aldana v. Stillwagon*, *supra*, 2 Cal.App.5th 1, the Court of Appeal held that a paramedic supervisor who, en route to observe and evaluate the performance of EMTs, negligently collided with another vehicle, was not engaged in providing " '*professional* [medical] services' " when he injured plaintiff, as the supervisor was not providing care to or transporting a patient when he operated his vehicle negligently. (*Id.* at p. 8.) Thus, the injury had no connection at all to the provision of medical services or the manner in which they were provided. It flowed from the breach of duties owed by all drivers, not from the breach of a professional obligation.

## DISPOSITION

The trial court's application of the one-year statute of limitations for professional negligence was error. We reverse the judgment and remand for further proceedings. Johnson is entitled to her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

9

_____
REARDON, J.

We concur:


_____
RUVOLO, P. J.


_____
STREETER, J.


*Johnson v. Open Door* A143992

10

Trial Court:                    Humboldt County Superior Court


Trial Judge:                    Honorable John F. Feeney


Counsel for Appellant:          Stokes, Hamer, Kaufman & Kirk, LLP
                                Eric V. Kirk


Counsel for Respondents:        Janssen Malloy, LLP
                                Michael Morrison
                                Amelia F. Burroughs


*Johnson v. Open Door* A143992