Filed 1/19/23  Jewelry Theatre Building v. Yeo CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JEWELRY THEATRE BUILDING, LLC,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SANG MIN YEO,<br><br>Defendant and Appellant. | B317980<br><br>(Los Angeles County Super. Ct. No. 20STCV00885) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Sang Min Yeo, in pro. per., for Defendant and Appellant.

Hemar, Rousso & Heald and Paul N. Andonian for Plaintiff and Respondent.

_____

Jewelry Theatre Building, LLC (JTB) sued Sang Min Yeo for unpaid rent due under two commercial leases between the parties. Following a bench trial on November 23, 2021 the court entered judgment in favor of JTB for $30,945.75. Yeo, representing himself as he did in the trial court, appeals the judgment, contending the trial court failed to rule on his defense of retaliatory eviction, he was prejudiced by the failure of a defense witness to appear pursuant to subpoena, and the evidence did not support the award of damages either because there was no unpaid rent or JTB did not adequately prove mitigation.

The record designated by Yeo for appeal, even as augmented by JTB, contains no court orders other than the posttrial order entering judgment and the judgment itself and omits most other significant documents, including JTB's complaint and Yeo's answer. In addition, Yeo elected not to provide a reporter's transcript or other record of the oral proceedings at trial. It is impossible for us on this sparse record to evaluate the issues Yeo presents in his opening brief.[1] (Yeo did not file a reply brief.) Making all presumptions in favor of the validity of the judgment, as we must (see, e.g., *Kinney v. Superior*

_____

[1] We acknowledge a self-represented litigant's understanding of the rules on appeal are, as a practical matter, more limited than an experienced appellate attorney's. Whenever possible we do not strictly apply technical requirements in a manner that deprives litigants of a hearing. However, when, as here, a total lack of compliance with the fundamental rules of appellate practice precludes meaningful review of the trial court's decision, we cannot ignore a self-represented litigant's violation of the rules of appellate procedure. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

2

*Court* (2022) 77 Cal.App.5th 168, 177 [""[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness""]), we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Two Leases, JTB's Lawsuit and the Judgment*

Yeo leased a store in JTB's building at 655 South Hill Street in downtown Los Angeles's jewelry district for a five-year term, from January 1, 2015 through December 31, 2019. Yeo subsequently leased office space in the same building for two years, from March 1, 2016 through February 28, 2018.

JTB alleged Yeo made his last rent payment for the office space covered by the second lease on May 10, 2017 and voluntarily vacated the premises on September 13, 2017. JTB also alleged Yeo's last payment on the store lease was made on June 5, 2019 and Yeo voluntarily vacated those premises on July 16, 2019. In addition, JTB claimed Yeo owed it several thousand dollars for repairs needed as a result of Yeo's damage to the store's thermostat, air conditioning, locks and security gate. Yeo, on the other hand, asserted he was wrongfully evicted from the office on October 25, 2017 and from the store on August 1, 2019.

JTB sued Yeo for damages on January 8, 2020. Following a half-day bench trial on November 23, 2021, the court directed entry of judgment in favor of JTB and against Yeo for $30,945.75. No statement of decision was requested. The judgment was entered December 7, 2021. Yeo filed a timely notice of appeal.

3

### 2. *Yeo's Claims of Harassment and Retaliation; JTB's Claims of Damage to the Premises*

In a document filed in the trial court titled "Defendant Sang Min Yeo's Supplemental Declaration for TRIAL BRIEF and EXHIBITS,"[2] Yeo asserted that on August 29, 2016 JTB knowingly interfered with his business by removing and damaging a signboard outside the building advertising his store. Yeo reported the incident to the police, as reflected in an investigative report prepared by Los Angeles Police Officer Castillo, attached to Yeo's declaration. Yeo also attached a letter from JTB, dated August 26, 2016, which stated Officer Castillo had on August 25, 2016 asked Yeo to remove the sign because it was in violation of city codes and had advised JTB that Yeo could be cited and fined if the signage remained in front of his store. Yeo averred the contents of the letter had been fabricated by JTB.

In his declaration Yeo said JTB demanded he cancel the police report and thereafter harassed and threatened him, forcing him to move out. Yeo's supplemental trial brief also attached a copy of a three-day notice to quit, dated August 25, 2017, identifying various breaches of the store lease (but not Yeo's failure to pay rent); a copy of pages from JTB's rental payment journal; and a text exchange that Yeo contended demonstrated JTB's failure to properly mitigate its claimed damages.

---

[2] This document was filed November 24, 2021, the day after the bench trial. The record on appeal does not disclose whether it had been provided to the court during trial the prior afternoon.

Yeo filed an initial trial brief on October 29, 2021. That document was not included in the record on appeal.

4

For its part, in its trial brief JTB explained that Yeo's sign on the sidewalk outside the building violated the terms of his lease. Yeo was repeatedly advised of the violation but failed to remove the sign. On August 24, 2016 JTB told Yeo it would remove the sign if he did not do it himself. Several days later JTB removed the sign, which was damaged in the process. Yeo reported the damage to the police as vandalism, but JTB contends there was no evidence it was aware any police report had been made.

JTB's trial brief detailed Yeo's damage to the thermostat and air conditioning in the store and Yeo's interference with JTB's efforts to inspect and repair them, as well as damage to the gate and locks securing the store, which was discovered after Yeo moved out. The trial brief insisted Yeo had voluntarily abandoned both leased sites in the building, explained how JTB calculated the damages it was claiming in the lawsuit and described its efforts to mitigate damages, including leasing the office space to an existing tenant in the building at a discounted rate.

3. *Yeo's Designation of the Record on Appeal and JTB's Motion To Augment*

In his Notice Designating Record on Appeal, Yeo requested a clerk's transcript that contained only his notice of appeal, his notice designating the record, the judgment, his supplemental declaration in support of his trial brief and the subpoena (with proof of service) served on Officer Castillo.[3] Yeo checked the box

---

[3] The subpoena included in the clerk's transcript was filed in superior court on November 1, 2021, directed Officer Castillo's appearance on November 9, 2021—a trial date that was subsequently continued—and included a handwritten notation by

5

on the form stating he chose to proceed without a record of the oral proceedings at trial or any hearing, acknowledging he understood "that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

JTB subsequently moved to augment the record, arguing Yeo's record designation was "prejudicially incomplete and improperly self-serving in that it includes no documents filed by Respondent in the underlying civil action." We granted JTB's motion, which was unopposed, augmenting the record with JTB's trial brief, its exhibit list, a motion in limine (seeking to preclude Yeo from introducing evidence or witnesses not identified in discovery responses or any affirmative defenses not identified in his answer) and Yeo's opposition to that motion, and the trial court's posttrial minute order filed December 7, 2021 directing entry of judgment.

## DISCUSSION

Yeo's opening brief argues the trial court failed to adjudicate his contention he had been wrongfully terminated in retaliation for reporting JTB's vandalism to the police and the court should have admitted the testimony or a statement from Officer Castillo, who would have denied he told JTB that Yeo's signboard was illegal. He also contends he paid all rent due prior to being wrongfully removed from the building and the court failed to properly consider JTB's obligation to mitigate its

---

the subpoena control officer that Officer Castillo was injured on duty and unable to go to court, indicating a possible return date in late November or early December.

damages by making reasonable efforts to rent the premises after he left.

Yeo failed to carry his burden as appellant to provide an adequate record that demonstrates reversible error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [to overcome presumption on appeal that an appealed judgment or order is presumed correct, appellant must provide an adequate record demonstrating reversible error]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["[i]t is well settled, of course, that a party challenging a judgment has the burden of proving reversible error by an adequate record"]; *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 [same].) We simply do not know what happened at trial (or in any pretrial motion practice). For example, the record does not disclose whether the trial court ruled on JTB's motion in limine to limit the evidence Yeo could present at trial. Nor can we tell whether Yeo testified at trial; if so, what he said; or whether he attempted to have any of the documents attached to his supplemental declaration admitted into evidence. Similarly, what, if anything, was discussed with the court concerning Officer Castillo's unavailability (or why he had any relevant testimony to present) is not before us.

As for the adequacy of JTB's case-in-chief, although we have a copy of JTB's exhibit list and the documents it proposed to introduce, we do not know which of them was admitted into evidence (with or without objection by Yeo) or whether JTB introduced the testimony of any witnesses to explain its damage calculations or the efforts it made to mitigate the damages claimed.

As discussed, no statement of decision was requested in this case, and none was prepared. "[I]n the absence of a

statement of decision, an appellate court will presume that the trial court made all factual findings necessary to support the judgment for which substantial evidence exists in the record.  In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267; see *Front Line Motor Cars v. Webb* (2019) 35 Cal.App.5th 153, 161 ["[i]n the absence of a statement of decision, 'all intendments favor the ruling below [citation], and we must assume that the trial court made whatever findings are necessary to sustain the judgment'"].)

Here, because there is no record of the oral proceedings at trial and nothing else in the record on appeal to indicate what evidence was before the trial court, Yeo has forfeited any claim the findings necessary for the judgment in favor of JTB are not supported by substantial evidence.  (See *People ex rel. Harris v. Shine* (2017) 16 Cal.App.5th 524, 533 [absence of a reporter's transcript generally prevents review of a substantial evidence argument]; *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 941 [appellant could not challenge a finding by the trial court for lack of substantial evidence because there was "no reporter's transcript of the trial"]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["[w]here no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct as to all evidentiary matters*"]; see generally *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [""if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed""]; *Randall v. Mousseau, supra*, 2 Cal.App.5th

at p. 935 ["Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.] Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment"].)

## DISPOSITION

The judgment is affirmed. JTB is to recover its costs on appeal.



PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.