Filed 12/1/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FRANCISCO GUTIERREZ,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>URIEL TOSTADO et al.,<br><br>  Defendants and Respondents. | H049983<br>(Santa Clara County<br> Super. Ct. No. 20CV361400) |

Francisco Gutierrez appeals from a judgment entered after the trial court granted summary judgment in favor of respondents Uriel Tostado and ProTransport-1, LLC, on the basis that Gutierrez's personal injury claims were time-barred under the Medical Injury Compensation Reform Act (MICRA). Gutierrez contends that the trial court erred when it found MICRA's one-year statute of limitations for professional negligence applicable. We conclude that because Tostado was a medical provider rendering professional services at the time the alleged negligence occurred, MICRA's statute of limitations bars Gutierrez's claims. We thus affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gutierrez was driving on Interstate 280 when he was forced to stop. Shortly after Gutierrez stopped, Tostado, who was driving an ambulance, rear-ended him. At the time of the accident, Tostado was an emergency medical technician (EMT) employed by ProTransport-1, LLC and was transporting a patient from one medical facility to another. While Tostado drove, his partner attended to the patient in the rear of the ambulance.

Gutierrez was injured in the collision and visited a chiropractor for treatment within ten days of the incident.

Almost two years later, Gutierrez filed a complaint against Tostado and ProTransport-1, alleging various personal injury claims. The respondents filed a motion for summary judgment on the sole ground that Gutierrez's claims were time barred under MICRA's one-year statute of limitations. The trial court agreed that MICRA applied and granted the motion. The trial court concluded that because Tostado was transporting a patient at the time of the accident, he was rendering professional services. The trial court held that Gutierrez's claims against the defendants were time-barred under the statute.

Gutierrez timely appealed from the judgment.[1]

## II. DISCUSSION

### A. *Standard of Review*

"We review the grant of summary judgment de novo, and in doing so, we review the evidence in the light most favorable to the losing party. [Citation.]" (*Lopez v. American Medical Response West* (2023) 89 Cal.App.5th 336, 342 (*Lopez*).) In this case, the trial court granted summary judgment based on its statutory construction of MICRA. We review issues of statutory construction de novo. (*Aldana v. Stillwagon* (2016) 2 Cal.App.5th 1, 6 (*Aldana*).)

### B. *MICRA's Statute of Limitations Bars Gutierrez's Claims*

The trial court granted summary judgment on the sole ground that Gutierrez's action was barred by the statute of limitations set forth in MICRA. Gutierrez contends that the trial court erred in dismissing his claims because MICRA does not apply to his

---

[1] Gutierrez filed his notice of appeal on April 19, 2022, after the trial court had granted summary judgment in favor of the defendants but prior to judgment being entered. We issued an order to show cause as to why Gutierrez's appeal should not be dismissed as premature. After the trial court filed the judgment and Gutierrez submitted a notice of submission of judgment, we discharged the order to show cause and deemed Gutierrez's notice of appeal filed on July 11, 2022, the date judgment was entered.

personal injury claims. A personal injury action for negligence must generally be filed within two years of the date on which the injury occurred. (Code Civ. Proc., § 335.1.)[2] However, suits against health care providers for professional negligence must be filed within one year. (§ 340.5.) Gutierrez argues that the one-year statute of limitations does not apply to his action because his claims are for general negligence not professional negligence, and the duty that Tostado violated by crashing into his car was a duty of care generally owed to the public, not a professional duty owed by a medical provider to a patient.

MICRA defines professional negligence as "a negligent act or omission to act by a health care provider in the rendering of professional services." (§ 340.5, subd. (2).) The parties do not dispute that an EMT transporting a patient in an ambulance is providing medical care to the patient for purposes of the statute. (*Lopez, supra*, 89 Cal.App.5th at p. 347; *Canister v. Emergency Ambulance Service, Inc.* (2008) 160 Cal.App.4th 388, 407 (*Canister*).) However, only actions "alleging injury suffered *as a result of* . . . the provision of medical care to patients" are covered. (*Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 88, italics added (*Flores*).)

In this appeal we must decide whether a driver in a separate vehicle, injured in a collision with an ambulance transporting a patient, was injured as a result of the provision of medical care, such that MICRA's one year statute applies. Gutierrez urges us to find that any injury here was caused by ordinary negligence. He argues that where a medical provider owes no professional duty to the plaintiff and allegedly breaches only a duty owed to the general public, a claim for personal injuries should be governed by the two-year statute of limitations applicable to ordinary negligence. Conversely, respondent suggests that the critical question is not whether defendant owed plaintiff a professional duty, but simply whether plaintiff was injured as a result of the provision of medical

_____

[2] All statutory references are to the Code of Civil Procedure, unless otherwise stated.

3

services by defendant; in other words, was plaintiff's injury a foreseeable consequence of defendant's act of providing medical care?

### 1. *Legal Framework for MICRA*

The Supreme Court in *Flores* examined what it means for a health care provider to render professional services under MICRA. There, a hospital patient sued the hospital for negligence after the latch on her bedrail broke, causing her to fall and injure herself. (*Flores, supra*, 63 Cal.4th at p. 89.) The court considered the difference between regular negligence arising out of the duty owed to the general public, the negligence in the maintenance of equipment and premises that are merely convenient for, or incidental to, the provision of medical care to a patient, and the negligence that arises from the duty owed to patients in the rendering of professional services. (*Id.* at pp. 88-89.) The court found that "Even those parts of a hospital dedicated primarily to patient care typically contain numerous items of furniture and equipment—tables, televisions, toilets, and so on—that are provided primarily for the comfort and convenience of patients and visitors, but generally play no part in the patient's medical diagnosis or treatment. Although a defect in such equipment may injure patients as well as visitors or staff, a hospital's general duty to keep such items in good repair generally overlaps with the 'obligations that all persons subject to California's laws have[.]' [Citation.]" (*Ibid.*)

Relying on its prior decision in *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1237 (*Lee*)[3], for this concept of overlapping duty, the court held that where there are overlapping

---

[3] In *Lee*, the Court considered "section 340.5's neighboring provision imposing a one-year statute of limitations for '[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services.' [Citation.]" (*Flores, supra*, 63 Cal.4th at p. 87.) The court decided "that section 340.6(a) is properly read to apply to claims that 'depend on proof that an attorney violated a professional obligation in the course of providing professional services.' [Citation.]" (*Ibid.*) Explaining that the statute excludes services unrelated to the law or matters that entail violations of professional obligations that may overlap with obligations that all persons have, the court emphasized that the statute applies when an attorney violates a

obligations—those owed to patients, and those owed to the general public—an injury resulting from a breach of a generally applicable obligation does not fall within MICRA. "Rather, the special statute of limitations for professional negligence actions against health care providers applies only to actions alleging injury suffered as a result of negligence in rendering the professional services that hospitals and others provide by virtue of being health care professionals: that is, the provision of medical care to patients." (*Flores, supra*, 63 Cal.4th at p. 88.) The court concluded that the hospital's alleged negligence in the maintenance of plaintiff's bedrail did not overlap with its general duty owed to the public because it was "integrally related to [plaintiff's] medical diagnosis and treatment," and was therefore professional negligence encompassed by MICRA. (*Id.* at p. 89.)

*Flores* and *Lee* both considered whether the injury to the patient or client was caused by negligence in the provision of professional services or whether the injury was the result of the breach of some broader overlapping duty owed to the public. Gutierrez asks us to conclude that the contrast drawn in those cases, between a professional duty and the general duty owed to the public, means that MICRA only applies where the defendant owes a professional duty to the plaintiff. However, neither *Flores* nor *Lee* considered whether MICRA applies where the plaintiff is injured during the provision of professional services, as a result of those services, but was *not the recipient* of the services. In both of those cases, the plaintiff was either the client or the patient. Multiple courts have considered injuries to third parties who were not patients and have concluded that MICRA applied to their claims.

In *Canister,* a police officer accompanying an arrestee in the back of an ambulance was injured when the ambulance hit a curb. At the time of the accident, the ambulance was being driven by one EMT while another attended to the arrestee in the rear of the

professional obligation as opposed to some generally applicable nonprofessional obligation. (*Id.* at pp. 87-88.)

5

ambulance. The officer sued for negligence. (*Canister, supra*, 160 Cal.App.4th at p. 392.) After finding that an EMT was a health care provider and that transporting a patient constituted professional services within the meaning of MICRA, the *Canister* court held that MICRA extends to " 'any foreseeable injured party, including patients, business invitees, staff members or visitors, provided the injuries alleged arose out of professional negligence.' [Citation.]" (*Id.* at pp. 407-408.) The court concluded that it was foreseeable as a matter of law that a police officer accompanying an arrestee in an ambulance might be injured in the operation of the ambulance. (*Id.* at p. 408.)

Gutierrez argues that *Canister* is no longer viable authority after *Flores*, because *Flores* set forth "a completely new framework for analyzing the scope of MICRA, making those prior cases irrelevant." *Flores* neither mentions nor overrules *Canister*. (See *Lopez, supra*, 89 Cal.App.5th at pp. 345-346 [expressing doubt that *Flores* overruled *Canister*].) Nor did it need to. Because the plaintiff in *Flores* was a patient injured at the hospital due to faulty equipment, the analysis necessarily focused on whether the duty owed to plaintiff was that of a medical provider or a duty owed to the general public. The *Flores* court concluded that by providing the bedrail the hospital was *providing medical care*, not just a convenience incidental to care. The question before the *Flores* court was *what* duty was owed to its patient, not to *whom* their professional duty of care extended.

> **2. *Tostado was a medical provider providing medical care at the time of the accident.***

Tostado was transporting a patient who was receiving medical care at the time of the accident. He drove while his partner attended to the patient. There is no question that transporting a patient in an ambulance qualifies as the provision of medical care, and that the act of driving the ambulance is an integral part of that care. (*Lopez, supra*, 89 Cal.App.5th at p. 347.) For certain patients, safe and quick ambulance transport may mean the difference between life and death. Even though the transport at issue here does

not appear to have been emergent, we cannot say that an interfacility transport is so trivial that it can be characterized as being "merely convenient for, or incidental to, the provision of medical care to a patient." (*Flores, supra*, 63 Cal.4th at p. 88.) Consistent with *Flores*, driving the ambulance qualifies, under the circumstances here, as "rendering of professional services." (See § 340.5, subd. (2); contrast *Aldana*, *supra*, 2 Cal.App.5th at pp. 5, 7-8 [MICRA does not apply where paramedic supervisor not transporting patient, but driving to the scene of an emergency in a truck].)

### 3. *Gutierrez was injured as a result of the provision of medical care.*

Because Gutierrez was not the recipient of the medical care, the question here is different from the one raised in *Flores*. It is not whether the injuries alleged were the result of general or professional negligence. Instead, the question here is whether an injury to a third party, who is *not* a patient, is subject to MICRA's statute of limitations because the injury occurred during, and as a result of, the provision of medical care by a medical provider.

The court in *Lopez*, a case decided after *Flores*, considered this issue and decided that nonpatients injured while an EMT was rendering professional services were subject to MICRA. In *Lopez*, plaintiffs were the patient who was being transported by an ambulance and his son who was also in the ambulance. Both were injured when the ambulance was in an accident. The *Lopez* court held, "MICRA's statute of limitations applies to plaintiffs' claims because their alleged injuries occurred while the EMT's were rendering professional services by transporting plaintiffs in an ambulance. Plaintiffs' injuries resulted from [] negligence in the 'use or maintenance of equipment [the ambulance] integrally related to [plaintiff's] medical diagnosis and treatment' and therefore was professional negligence for the purposes of section 340.5. [Citation.]" (*Lopez, supra*, 89 Cal.App.5th at p. 347.) The court acknowledged that the son was not a patient. However, the court held that this fact "does not change our analysis because the injury to both plaintiffs occurred while defendant was using the ambulance to transport

[the patient].  Section 340.5 applies to negligent acts or omissions 'in the rendering of professional services' but does not require the services to have been performed for the plaintiff.  [Citations.]"  (*Id.* at p. 347, fn. 6; see *Aldana, supra*, 2 Cal.App.5th at p. 8 ["MICRA is not limited to suits by patients"]; *Canister, supra*, 160 Cal.App.4th at p. 407 [applying MICRA to claim by third party injured while defendant rendered professional services to another].)

In both *Canister* and in *Lopez*, the nonpatient was also a passenger in the ambulance.  Here, plaintiff was not a passenger in the ambulance, but was injured by Tostado while Tostado was providing medical services.  *Canister* focused on the foreseeability of the injury to a passenger (*Canister, supra*, 160 Cal.App.4th at pp. 407-408), while *Lopez* adopted the *Flores* framework and found that the passenger was injured due to negligence in the rendering of professional services and did not need to be the recipient of the services (*Lopez, supra*, 89 Cal.App.5th at p. 347).  Because neither *Flores* nor *Lee* considered MICRA's applicability to nonpatients, we must agree with *Canister* and *Lopez* and conclude that MICRA is not limited to suits by patients or to recipients of medical services as long as the plaintiff is injured due to negligence in the rendering of professional services and his injuries were foreseeable.

The provision of ambulance services involves driving on the road, sometimes at a very high speed.  Getting a patient to the hospital quickly is often as integral to the provision of this medical service as performing CPR or administering medication intravenously.  It is, therefore, entirely foreseeable that collisions may occur where third parties are injured.  The fact that Tostado was not driving quickly here or that Gutierrez was in a separate vehicle rather than in the ambulance does not change the analysis or our conclusion that third parties injured in a collision with an ambulance when it is rendering medical care are subject to MICRA.

To hold otherwise would lead to unintended consequences.  At oral argument we posed the following hypothetical to counsel for Gutierrez:  If a hospital attendant were

8

wheeling a patient on a gurney down the hallway of the hospital at a high speed and ran into a hospital visitor, injuring both the patient on the gurney and the nonpatient visitor, would the visitor be subject to MICRA, or the two-year statute of limitations for general negligence?  Counsel for Gutierrez acknowledged that under their proposed approach of applying MICRA only to those owed a professional duty by the medical provider, the third party would be subject to a general negligence statute of limitations.  Counsel's concession demonstrates the untenability of such a result.  Under Gutierrez's proposed approach, two people involved in the same accident at the same time would be subject to two different statutes of limitations, possibly resulting in two separate lawsuits with inconsistent judgments and greatly increased costs for all involved.  Such an outcome is inconsistent with the fundamental intent of MICRA to "reduce the cost of medical malpractice insurance 'by limiting the amount and timing of recovery in cases of professional negligence.'  [Citations.]"  (*Flores, supra*, 63 Cal.4th at p. 81.)

For these reasons, Guttierez's reliance on *Johnson v. Open Door Community Health Centers* (2017) 15 Cal.App.5th 153 and on *Aldana* to argue that driving safely is an overlapping duty Tostado owed to the general public, not a specific duty he owed by virtue of his role as a healthcare provider, is misplaced.  Simply because there is also a general duty owed to the public to drive safely does not negate the fact that the conduct at issue in this case was integral to the provision of medical care.  As explained in *Flores*, even when there is a general duty to the public to maintain safe premises, MICRA applies where equipment is "integrally related to [a patient's] medical diagnosis and treatment." (*Flores*, *supra*, 63 Cal.4th at pp. 88-89; *Lopez*, *supra*, 89 Cal.App.5th at p. 347 [relying on *Flores* to conclude that ambulance transport is "integrally related" to a patient's medical diagnosis and treatment].)  Similarly here, even though Tostado may owe a duty to the public to drive the ambulance safely when not in use for medical care, the injury to Gutierrez occurred while Tostado, a medical provider, was performing the integral

9

function of transporting a patient by ambulance. The trial court correctly concluded that MICRA's one-year statute of limitations applied to Gutierrez's negligence claims.

### III.    DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

I CONCUR:


_____
Grover, J.

H049983
Gutierrez v. Tostado, et al.

Bromberg, J., dissenting.

I respectfully dissent. The majority interprets the statute of limitations in the Medical Injury Compensation Reform Act (MICRA) (Code Civ. Proc., § 340.5) to apply whenever a claim involves conduct constituting professional negligence under MICRA. This interpretation extends MICRA's statute of limitations unpredictably and unfairly. It also departs from the Supreme Court's approach to a similarly worded statute of limitations in *Lee v. Hanley* (2015) 61 Cal.4th 1225 (*Lee*) in favor of the *Lee* dissent's approach. In my view, we should follow the *Lee* majority.

This case arises out of a run-of-the-mill traffic accident involving an ambulance that happened to be transporting a patient on a non-emergency matter, presumably with its siren off. As a consequence, plaintiff Francisco Gutierrez had no way of knowing that the ambulance that rear ended him was transporting a patient and therefore no way of knowing that, under interpretation adopted by the majority, MICRA's statute of limitations applies. (It also would have been difficult for Gutierrez or his lawyer to determine that MICRA's statute of limitations applies to claims against paramedics because paramedics are no longer included in the statutory provisions referenced by MICRA. (See *Canister v. Emergency Ambulance Service, Inc.* (2008) 160 Cal.App.4th 388, 395-399 [noting that the paramedic provisions were moved in 1982].) As a consequence, Gutierrez and his counsel were quite likely surprised to learn that his traffic accident claim is subject to MICRA's one-year limitations period rather than the two-year period now generally applicable to personal injury claims. (See Code Civ. Proc., § 335.1.)

MICRA's statute of limitations need not be interpreted to apply in such an unpredictable and surprising manner. That statute of limitations applies to claims "for injury or death against a health care provider *based upon* such person's alleged professional negligence" (Code Civ. Proc., § 340.5, italics added), and the Supreme Court has interpreted a similarly worded, neighboring statute of limitations to apply only to

claims that are based on professional negligence in the sense that they require proof that a special obligation imposed on professionals has been violated. As a consequence, MICRA's statute of limitations need not be interpreted to apply here because the ambulance that rear-ended plaintiff happened to be carrying a passenger. Instead, MICRA's statute of limitations can—and, in my view, should—be interpreted to apply only if the plaintiff advances a claim requiring proof that an obligation owed by health providers was violated.

This is how the Supreme Court interpreted the statute of limitations in section 340.6 of the Code of Civil Procedure in *Lee*. Section 340.6 applies to claims "against an attorney for a wrongful act or omission . . . arising in the performance of professional services." (Code Civ. Proc.*,* § 340.6, subd. (a).) *Lee* held that "the way a plaintiff styled his or her complaint" does not determine whether a claim arises in the performance of professional services by attorneys under section 340.6. (*Lee*, *supra*, 61 Cal.4th at p. 1236.) It also held that a claim does not arise in the performance of professional services merely because it touches upon professional services (*id.* at p. 1238), rejecting the dissent's position that section 340.6 applies whenever such services are involved. (See *id.* at p. 1242 (dis. opn. of Corrigan, J.) ["I would hold that section 340.6 governs any claim against an attorney, except for actual fraud, that is based on the attorney's wrongful conduct in performing professional services."].) Instead, the Supreme Court held that application of section 340.6 depends on the proof needed to establish the claim asserted by the plaintiff: Specifically, under *Lee* a claim arises out of the performance of professional services, and triggers application of section 340.6, if it requires "proof that an attorney violated a professional obligation as opposed to some generally applicable nonprofessional obligation." (*Id.* at p. 1238.)

MICRA's statute of limitations should be interpreted using this approach. In *Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75 (*Flores*), the Supreme Court relied on *Lee* in interpreting MICRA's statute of limitations. Section

2

340.6, *Flores* noted, is a "neighboring provision" that is "similarly worded." (*Id.* at pp. 87-88.) *Flores* also observed that *Lee*'s analysis of section 340.6 is "instructive" (*id.* at p. 88) and, in particular, that *Lee*'s distinction between professional obligations and generally applicable nonprofessional obligations applies to MICRA's statute of limitations. "Just as an attorney's obligations 'often overlap with obligations that all persons subject to California's laws have' [citation], so do the obligations of hospitals." (*Ibid.*) "And," *Flores* continued, "just as an attorney's breach of a generally applicable obligation to avoid stealing from or physically harming his or her clients does not fall within section 340.6(a), so too, we conclude, an injury resulting from a hospital's breach of a generally applicable obligation to maintain its equipment and premises in a safe condition does not fall within section 340.5." (*Ibid.*)

It is true that *Flores* did not rule that the MICRA's statute of limitations applies only to claims requiring proof that a professional obligation has been violated. That issue was not raised in *Flores*: The question before the Supreme Court in *Flores* was instead whether the violation that the plaintiff sought to prove involved "professional negligence." (*Flores*, *supra*, 63 Cal.4th at pp. 88-89 [concluding that maintaining a hospital bed's rail involved professional negligence because it was "integrally related to the medical treatment and diagnosis of the patient"].) Nonetheless, *Flores* signaled that it would follow *Lee*'s approach in interpreting MICRA's statute of limitations by observing that section 340.6 is "similarly worded" to MICRA's statute of limitations (*id.* at pp. 87-88), describing *Lee*'s analysis of section 340.6 as "instructive" (*id.* at p. 88), and noting that *Lee*'s distinction between professional obligations and generally applicable nonprofessional obligations applies to MICRA. (*Ibid.*) Moreover, nothing in *Flores* suggests that the Supreme Court intended to reject *Lee*'s approach and to interpret MICRA's statute of limitations to apply in a fundamentally different way from section 340.5. much less that it intended to interpret MICRA's statute of limitations using the approach of the *Lee* dissent.

3

In addition, adopting the *Lee* majority's approach avoids the unpredictability and unfairness that the approach of the *Lee* dissent creates here. Under the dissent's approach, MICRA's statute of limitations and its one-year limitation period applies whether or not a plaintiff such as Gutierrez had reason to suspect that a patient was being treated in the ambulance that rear-ended him. By contrast, under the *Lee* majority's approach, MICRA's one-year statute of limitations applies only if a plaintiff asserts a claim requiring proof that a health care provider's professional obligation has been violated, which means that under that approach the plaintiff will always know if his or her claim is based upon professional negligence and there will no surprise or unfairness.

The majority objects that it is impracticable to interpret MICRA's statute of limitations to depend on whether a claim requires proof that a professional obligation has been violated because claims by two people involved in the same accident at the same time might be subject to two different statutes of limitations. While it is true that claims by different people may be subject to different statute of limitations, that is no reason to reject the *Lee* majority's approach. *Lee* itself recognized that under this approach claims brought by the *same* person concerning the same conduct may be subject to different statutes of limitations: (*Lee*, *supra*, 61 Cal.4th at p. 1230 ["[A]n claim based on his violation of [the defendant's professional] obligations is time-barred" but "a claim for conversion whose ultimate proof at trial may not depend on the assertion that [defendant] violated a professional obligation . . . is not time-barred."].) As a consequence, it is neither impermissible nor impractical to interpret MICRA's statute of limitations so that claims involving the same conduct may be subject to different statutes of limitations if they are based on different theories.

The majority also argues that a restrictive interpretation of MICRA's statute of limitations would undermine MICRA's overarching goal of reducing the cost of medical malpractice insurance. However, the majority does not offer any reason to believe that traffic accident claims involving ambulance drivers are covered by medical malpractice

4

insurance.  Nor does it offer any reason to believe that, if such claims are covered, they are so numerous and costly that they will have a material impact on medical malpractice rates.  In any event, MICRA's statute of limitations was not intended to shorten the limitations period for tort claims against health care providers.  When MICRA was enacted, personal injury claims were subject to the same one-year limitations period as under MICRA (*Flores*, *supra*, 63 Cal.4th at p. 82), and therefore extending MICRA's limitations period to personal injury claims would not have limited claims or reduced medical malpractice costs (*id*. at p. 86).  Indeed, because MICRA adopts a discovery rule that delays the running of the statute of limitations (Code Civ. Proc., § 340.5), "at the time MICRA was enacted," extension of the Act's statute of limitations "could well have been counterproductive" from a financial perspective.  (*Flores*, *supra*, 63 Cal.4th at p. 87, fn. 4.)

In sum, I see no good reason to reject the approach of the *Lee* majority in interpreting MICRA's statute of limitations, much less to do so in favor of the *Lee* dissent's approach.  In my view, MICRA's statute of limitation should be interpreted in accordance with *Lee* majority's approach to apply only to claims requiring proof that a professional obligation owed by health care providers has been violated.  Because Gutierrez's claims are based on the generally applicable, nonprofessional duty of care owed by all drivers, I also would conclude that his claims are not subject to MICRA's statute of limitations and reverse the judgment.

5

_____
  BROMBERG, J.

*Gutierrez v. Tostado et al.*
H049983

Trial Court:                          Santa Clara County Superior Court
                                      Superior Court No.:  20CV361400


Trial Judge:                          The Honorable Christopher G. Rudy



Attorneys for Plaintiff and Appellant,
Francisco Gutierrez:                  Southwest Legal Group
                                      Anthony Robert Lopez, Jr.

                                      The Ehrlich Law Firm
                                      Jeffrey I. Ehrlich
                                      Clinton E. Ehrlich-Quinn



Attorneys for Defendants and Respondents,
Uriel Tostado and ProTransport-1 LLC:  Manning & Kass Ellrod Ramirez Trester
                                       LLP
                                       David Vincent Roth
                                       Mark R. Wilson

*H049983*
*Gutierrez v. Tostado et al.*